FILED

JUL 09 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA<br>              Plaintiff,<br>v.<br><br>AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, STAR POINTE ASSURANCE LLC, and ISAAC DESHON ARNOLD<br>              Defendants. | Case No.<br><br>SA25CA0816 FB<br><br>PLAINTIFF'S ORIGINAL COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE CASE

1. This action seeks statutory damages and injunctive relief to stop Defendants American-Amicable Life Insurance Company of Texas ("ALICO"), Star Pointe Assurance LLC ("StarPointe"), and its owner, Isaac Deshon Arnold, from orchestrating and conducting a persistent and unlawful telemarketing campaign that bombards Plaintiff Mark Anthony Ortega ("Plaintiff" or "Ortega") with unsolicited, harassing robocalls. The calls violate the Telephone Consumer Protection Act, 47 U.S.C. ¬ß 227, et seq. ("TCPA"), and the Texas Business and Commercial Code, Chapters 302 and 305.

2. Defendants' unlawful conduct is particularly egregious as it continues despite Plaintiff having previously sued Defendant ALICO for identical violations. This history establishes Defendants' willful and knowing disregard for Plaintiff's privacy rights and for state and federal law. The telemarketing campaign employs a calculated scheme designed to conceal the true identity of the callers and deceptively market insurance products, causing Plaintiff substantial harm in the form of invasion of privacy, frustration, anxiety, wasted time, and interference with his daily life.

1

3. The scheme typically begins with calls from illegally "spoofed" telephone numbers, initiated with an artificial or prerecorded voice, in a pattern evidenced by a call received on April 23, 2025. These initial calls are made by unidentified third-party vendors who then transfer Plaintiff to agents of Star Pointe. The ultimate purpose of these calls is to have Star Pointe agents sell Plaintiff a final expense insurance policy underwritten by Defendant ALICO. This multi-layered structure is intentionally designed to obfuscate responsibility and hinder consumers from identifying the source of the illegal calls.

4. Defendant ALICO is vicariously liable for this conduct, as Star Pointe and its vendors act as its agents to market and sell ALICO-branded policies. Defendant Star Pointe is directly and/or vicariously liable for the illegal calls made on its behalf to generate sales leads. Finally, Defendant Isaac Deshon Arnold is personally liable as the principal and controlling agent of Star Pointe Assurance. He was put on direct notice of the unlawful activity via a formal cease and desist letter yet failed to prevent the continued harassment of the Plaintiff, thereby directing and ratifying the illegal conduct.

## BACKGROUND ON THE TCPA

5. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

6. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015*).* The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

7. The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

9. Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code §§ 302, 305. While the Texas Business and Commercial Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

10. In this instance, the claims under the Tex. Bus. & Com. Code §§ 302, 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendants alleged telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to

address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code §§ 302, 305.

11. This Court has personal jurisdiction over Defendants as they conducted business within this district and purposefully availed themselves of the privilege of conducting activities within the State of Texas.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

13. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

14. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

15. Defendant American-Amicable Life Insurance Company of Texas ("ALICO") is a Texas corporation with its principal place of business in Waco, Texas.

16. Defendant Star Pointe Assurance LLC ("StarPointe") is a Texas limited liability company that operates in this District and throughout Texas.

17. Defendant Isaac Deshon Arnold is a natural person and a resident of the State of Texas.

18. Defendants are all classified as a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

19. On or about January 23, 2012, seeking to prevent unwanted telemarketing calls, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

20.Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

21.Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

22.Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

23.Plaintiff has never granted express consent to Defendants or any entity acting on their behalf's to receive telemarketing calls.

24.Beginning on or around February 2025 and continuing through the present, Plaintiff has been the target of an extensive telemarketing campaign, receiving in excess of one hundred (100) unsolicited telephone calls to his cellular telephone number. These calls were made without Plaintiff's prior express consent and notwithstanding his number's registration on the National Do Not Call Registry.

25.On information and belief, Defendants employ a strategy of concealing their identities to generate leads and avoid accountability. The campaign initiates calls to Plaintiff through unidentified third-party vendors utilizing an automatic telephone dialing system ("ATDS") and/or an artificial or prerecorded voice. The calls regularly originate from illegally "spoofed" Caller ID numbers to obscure their origin.

26.A common pattern in these calls involves a prerecorded message from a fictitious persona. For instance, in numerous calls, an artificial robotic voice states, "Hello, this is Hannah Walker with US Funeral Expenses..." before proceeding with a script of qualifying questions. If Plaintiff did not feign interest and instead questioned the identity of the caller, the call would be abruptly disconnected.

5

27. In an effort to identify the source of these calls, Plaintiff engaged with the prerecorded messages. Upon doing so, the call would be transferred to a live agent. These live agents subsequently identified themselves as representatives of Defendant Star Pointe Assurance LLC ("StarPointe").

28. The insurance products marketed and offered for sale by the StarPointe agents were consistently identified as final expense policies underwritten by Defendant American-Amicable Life Insurance Company of Texas ("ALICO"). StarPointe was operating as an agent of ALICO, with the purpose of soliciting and selling ALICO's insurance products.

29. During an unsolicited call received on or about April 23, 2025, in a further attempt to identify the responsible parties and after the caller refused to identify himself, Plaintiff requested that the agent send him an email. Plaintiff subsequently received an email quote dated April 23, 2025. The email was deceptively sent from the fictitious entity "FE Life Insurance Ltd." and listed "Clay Jensen" as the Insurance Consultant. Crucially, the body of the email contained a detailed quote explicitly for "Platinum Coverage with AMAM (American Amicable)'s Platinum plan." The quote detailed specific coverage amounts and monthly premiums for an insurance policy issued by Defendant American-Amicable Life Insurance Company of Texas (ALICO). While the email was sent under a fictitious business name, it provided a direct link to Defendant Star Pointe. The telephone number listed in the email for follow-up, (214) 628-0307, connected directly to the voicemail system for Defendant Star Pointe Assurance LLC. This email serves as direct documentary evidence linking the unlawful telemarketing calls to solicitations for Defendant ALICO's products by Defendant Star Pointe. A true and correct copy of this email is attached hereto as **Exhibit A**.

30. On or about May 1, 2025, Plaintiff provided direct notice of the unlawful conduct by sending a formal demand letter via certified mail to Defendant Isaac Deshon Arnold, the owner

and managing member of Star Pointe. The letter demanded an immediate cessation of all telemarketing calls to Plaintiff's Number.

31. Despite Defendant Arnold having been put on direct notice, the telemarketing calls from Star Pointe's agents and vendors have continued to the present day. Defendant Arnold, by failing to stop the calls, has personally participated in, authorized, and/or ratified the continuing unlawful conduct of his company.

32. The following is a small representative, but by no means exhaustive, list of calls Plaintiff received:

| Date | Time (CT) | Calling Number |
| --- | --- | --- |
| July 1, 2025 | 6:24 PM | (210) 646-0620 |
| June 23, 2025 | 5:10 PM | (210) 782-8471 |
| June 19, 2025 | 4:37 PM | (210) 306-5031 |
| May 23, 2025 | 5:04 PM | (210) 338-0320 |
| May 21, 2025 | 1:33 PM | (210) 791-8209 |
| April 23, 2025 | 3:00 PM | (210) 787-9009 |

33. Plaintiff has suffered numerous harms as a result of Defendants' unlawful telemarketing campaign in the form of invasion of privacy, frustration and annoyance, wasted time, anxiety, and depletion of his cellular phone's battery life.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5))

34. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 33.

35. The TCPA prohibits any person or entity of initiating any telephone solicitation to

a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

36. In direct violation of the TCPA, Defendants, acting individually and in concert, initiated, or caused to be initiated, telephone solicitations to the Plaintiff's Number for the purpose of encouraging the purchase of property, goods, or services, namely final expense life insurance policies underwritten by Defendant ALICO. These calls were made despite Plaintiff's Number having been registered on the National Do-Not-Call Registry for over a decade.

37. The Defendants are each liable for these violations. Defendant ALICO is vicariously liable for the actions of its agents, including Defendant StarPointe and its third-party vendors, who made these calls for the purpose of selling ALICO's insurance products. Defendant StarPointe is directly liable for the calls placed by its employees and vicariously liable for the calls placed by the third-party vendors it procured to generate leads on its behalf. Defendant Isaac Deshon Arnold is personally liable as the controlling agent of StarPointe, as he had direct knowledge of the unlawful calling campaign, was notified to cease the activity, and failed to do so, thereby directing and ratifying the continued violations.

38. Defendants' acts as described above were done willfully and knowingly. Defendant ALICO's conduct was willful and knowing because it was previously sued by Plaintiff for similar TCPA violations. Defendants StarPointe's and Isaac Deshon Arnold's conduct was willful and knowing because they continued their telemarketing campaign even after receiving a formal cease and desist letter from Plaintiff. The Defendants' collective use of spoofed Caller IDs, fictitious business names, and prerecorded messages further demonstrates a knowing and intentional disregard for Plaintiff's rights and the law.

39. As a direct and proximate result of the above violations of the TCPA, Plaintiff has suffered damages, including invasion of privacy and annoyance, and is entitled to an award of statutory damages of $500.00 for each and every violation, or up to $1,500.00 for each and every violation that the Court finds was committed willfully or knowingly.

**COUNT II**
**Violation of the Telephone Consumer Protection Act**
**Failure to Honor Do-Not-Call Request**
**(47 C.F.R. § 64.1200(d)(6))**

40. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 33.

41. The TCPA and its accompanying regulations impose an affirmative obligation upon entities engaged in telemarketing to honor consumer requests to cease such solicitations. *See* 47 C.F.R. § 64.1200(d)(6).

42. Specifically, 47 C.F.R. § 64.1200(d)(6) requires a "person or entity making calls for telemarketing purposes" to "maintain a record of a consumer's request not to receive further telemarketing calls" and honor said request "for 5 years from the time the request is made."

43. On numerous occasions beginning in February 2025, Plaintiff expressly instructed Defendants' agents during telephone calls to stop contacting him and to place his number on their do-not-call list. Furthermore, on or about May 1, 2025, Plaintiff sent a formal cease and desist letter to Defendant Isaac Deshon Arnold and Star Pointe Assurance LLC. These verbal and written demands constituted clear and unequivocal do-not-call requests pursuant to 47 C.F.R. § 64.1200(d).

44. Notwithstanding Plaintiff's clear and repeated instructions that Defendants stop calling, Defendants chose to ignore Plaintiff's requests and continued to initiate, or cause to be initiated, telemarketing solicitations to Plaintiff's Number.

45. The Defendants are each liable for this failure to honor Plaintiff's do-not-call requests. Defendant ALICO is vicariously liable as the seller whose agents failed to honor the requests. Defendant StarPointe is directly and vicariously liable for its agents' failure to maintain and honor its own company-specific do-not-call list. Defendant Isaac Deshon Arnold is personally liable for failing to implement procedures to honor such requests and for allowing the calls to continue after being put on direct written notice.

46. As a result of Defendants' failure to implement and maintain procedures reasonably calculated to honor Plaintiff's do-not-call requests, and/or Defendants' intentional and knowing decision to disregard said requests, Plaintiff is entitled to an award of statutory damages of $500.00 for each violation, or up to $1,500.00 for each and every violation the Court finds was committed willfully or knowingly.

## COUNT III
### Violation of the Texas Business and Commercial Code
### (Tex. Bus. & Com. Code § 302.101)

47. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 33.

48. The actions of Defendant, as described herein, constitute "telephone solicitation" as defined under Tex. Bus. & Com. Code § 302.001(7), because they were unsolicited telephone calls to Plaintiff made for the purpose of inducing Plaintiff to purchase a final expense life insurance policy.

49. Upon information and belief, at all times relevant to this action, Defendants were not registered as telemarketers in the State of Texas as required by law. A search of the Texas Secretary of State's official Telemarketer Registration database, conducted by Plaintiff on July 3, 2025, via the state's official search portal (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp), revealed no active or expired

registration certificate for Defendant Star Pointe Assurance LLC or Defendant American-Amicable Life Insurance Company of Texas.

50. By making, or causing to be made, telemarketing calls to a Texas resident without a valid registration certificate, Defendants Star Pointe Assurance LLC and American-Amicable Life Insurance Company of Texas have violated Tex. Bus. & Com. Code § 302.101.

51. Defendant ALICO is vicariously liable for these violations as the principal for whom its agent, Star Pointe, was soliciting customers. Defendant Isaac Deshon Arnold is personally liable for these violations as he directs and controls the business practices of Star Pointe and failed to ensure its compliance with Texas law.

52. Pursuant to Tex. Bus. & Com. Code § 302.302(a), a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT IV
### Violation of the Telephone Consumer Protection Act
### ATDS or Pre-Recorded Message
### (47 C.F.R. § 64.1200(227(b)(1)(A)(iii))

53. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 33.

54. The TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), makes it unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States, to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a... cellular telephone service.

11

55. Defendants, acting individually and collectively, violated this provision by placing, or causing to be placed, numerous calls to Plaintiff's cellular telephone number that utilized an artificial or prerecorded voice. As detailed in the Factual Background, these calls consistently began with a robotic voice delivering a scripted message. Plaintiff never provided his prior express consent to receive such calls from any of the Defendants.

56. The Defendants are each liable for these violations. Defendant ALICO is vicariously liable under federal common law principles of agency because the illegal prerecorded voice calls were made by its agents for the purpose of soliciting customers for ALICO's insurance policies. Defendant Star Pointe is directly and vicariously liable because it procured the third-party vendors who initiated the prerecorded calls on its behalf to generate leads for its business. Defendant Isaac Deshon Arnold is personally liable because, as the principal of Star Pointe, he authorized, directed, and/or ratified the use of this illegal calling technology.

57. As a direct and proximate result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to an award of statutory damages of $500.00 for each violation, or up to $1,500.00 for each violation that the Court finds was committed willfully or knowingly.

## COUNT V
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 305.053)

58. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 33.

59. Texas Business and Commerce Code § 305.053(a) provides a person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, with a private right of action under Texas law.

60. As previously alleged in detail, Defendants' conduct violated multiple provisions of the TCPA.

61. Because Defendants' conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

62. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

63. Furthermore, because Defendants' violations were committed knowingly or intentionally, Plaintiff is entitled to an increased award of damages of up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c). The violations were knowing and intentional as evidenced by, among other things, Defendant ALICO's history of being previously sued by Plaintiff for the same conduct, and Defendants StarPointe and Arnold's continuation of the calling campaign after receiving a formal cease and desist letter from Plaintiff.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Award Plaintiff all damages available under the TCPA for Defendants' violations of 47 U.S.C. § 227(c), including statutory damages of $500.00 for each violation, or up to $1,500.00 for each willful or knowing violation;

B. Award Plaintiff all damages available under the TCPA for Defendants' violations of 47 U.S.C. § 227(b), including statutory damages of $500.00 for each violation, or up to $1,500.00 for each willful or knowing violation;

C. Award Plaintiff all damages available under Tex. Bus. & Com. Code § 302, including statutory damages of $5,000 per violation as provided under Tex. Bus. & Com. Code § 302.302(a).

D. Award Plaintiff all damages available under Tex. Bus. & Com. Code § 305, including statutory damages of $500 for each violation, or up to $1,500 for each willful or knowing violation, as provided under Tex. Bus. & Com. Code § 305.053;

E. Award Plaintiff actual damages suffered as provided under 47 U.S.C. §227(c)(5)(A)), 47 U.S.C. §227(b)(3)(B)), and Tex. Bus. & Com. Code § 302.302 at trial.

F. Issue a permanent injunction prohibiting Defendants from further calls to Plaintiff in violation of the TCPA as provided under 47 U.S.C. § 227(b)(3) and (c)).

G. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Bus. & Com. Code §302.302(a).

H. Grant any other relief deemed just and equitable by the Court.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: July 3, 2025                                         Respectfully submitted,

                                                            Mark Anthony Ortega
                                                            Plaintiff, Pro Se

                                                            By: *[signature]*
                                                            mortega@utexas.edu
                                                            PO Box 702099
                                                            San Antonio, TX 78270
                                                            Telephone: (210) 744-9663

14

# **EXHIBIT A**

**From:** FE Life Insurance quotes@felifeinsurance.com
**Subject:** Your Personalized Insurance Quotation
**Date:** April 23, 2025 at 7:50 PM
**To:** mortega@utexas.edu





*Disclaimer:* Your information is protected under HIPAA and Federal Privacy Laws; your licensed insurance agent is prohibited from either reviewing, changing, or using any information you provide via Live Call or Email.

Dear Mark Ortega,

Thank you for expressing interest in our insurance plans. We've carefully considered your specific needs and crafted a personalized insurance quote that we believe will perfectly suit your requirements.

We're pleased to let you know that you perfectly qualified for Platinum Coverage with AMAM (American Amicable)'s Platinum plan!

Here's a confirmation of the details you've provided:

| | | | |
|---|---|---|---|
| **Customer Name:** | Mark Ortega | **DOB / Age :** | XXXXXXXX |
| **State:** | TX | **Gender:** | Male |
| **Financial Decision Maker:** | Yes | | |



| Description | Platinum | Gold | Silver |
|---|---|---|---|
| Coverage | $18000 | $17000 | $15000 |
| Premium ($/mo) | $61 | $58 | $55 |
| Constant Benefits and Premium | Yes | Yes | Yes |
| Living Benefits | Yes | Yes | Yes |
| Cash Value Accumulation | Yes | Yes | Yes |

| | | | |
|---|---|---|---|
| **One-Day Coverage** | Yes | Yes | Yes |
| **Accelerated Death Rider** | Yes | Yes | Yes |
| **Chronic Illness Rider** | Yes | Yes | Yes |

In our opinion, this plan is the best fit for you. If you'd like to discover more plans, coverages, different premiums, or different carriers altogether, please contact us:

**Phone:** 214-628-0307 | **Email:** support@felifeinsurance.com
**Office Timings:** 9:00 AM to 6:00 PM MT

Disclaimer: Our retention department is going to call you to follow-up on this offer within 24-48 hours.

Sincerely,

Clay Jensen
Insurance Consultant
FE Life Insurance Ltd

Visit Our Website