**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MARK ANTHONY ORTEGA,**
*Plaintiff*,
v.

**AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, STAR POINTE ASSURANCE LLC, and ISAAC DESHON ARNOLD**,
*Defendant*.

**Case No. SA-25-CV-816-FB (HJB)**

**Defendants STAR POINTE ASSURANCE LLC, AND ISAAC DESHON ARNOLD'S**
**ORIGINAL ANSWER TO PLAINTIFF MARK ANTHONY ORTEGA'S COMPLAINT**

Defendants Star Pointe Assurance LLC ("Star Pointe") and Isaac Deshon Arnold ("Arnold") (Star Pointe and Arnold collectively referred to as "Defendants"), file their Original Answer to Plaintiff Mark Anthony Ortega's ("Plaintiff") Original Complaint. In support thereof, Defendants state as follows:

1. In response to paragraph 1, Defendants admit that Plaintiff seeks statutory damages and injunctive relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Texas Business and Commercial Code, Chapters 304 and 305 ("TBCC"). Defendants deny liability.

2. Defendants deny paragraph 2.

3. Defendants deny paragraph 3.

4. Defendants deny paragraph 4.

## BACKGROUND ON THE TCPA

5. In response to paragraph 5, Defendants admit that the TCPA was enacted in 1991. Defendants deny the remaining allegation of paragraph 5 to the extent they constitute

characterizations, conclusions of law, or legal arguments. Defendants deny any implication that it engaged in conduct covered by the statute.

6. In response to paragraph 6, Defendants admit that the TCPA affords parties with a private cause of action. Defendants deny the remaining allegations of paragraph 6 to the extent they constitute argument, characterizations, or conclusions of law. Defendants further deny that such allegations have any relevance to the claims asserted against Defendants.

7. In response to paragraph 7, Defendants admit that the TCPA contains provisions regulating the use of automated telephone dialing systems, prerecorded messages, and calls to numbers on the National Do Not Call Registry. Defendants deny the remaining allegations of paragraph 7 to the extent they constitute argument, characterization, or conclusions of law, and deny that Defendants engaged in any conduct subject to or prohibited by the TCPA.

## JURISDICTION AND VENUE

8. In response to paragraph 8, Defendants admit the 28 U.S.C. § 1331 provides federal district courts with subject matter jurisdiction over civil actions arising under the laws of the United States, including private causes of action under the TCPA. Defendants deny the remaining allegations of paragraph 8 to the extent they assert or imply that jurisdiction is proper as to these Defendants, that these Defendants engaged in any conduct giving rise to TCPA liability, or that any federal question exists as to these Defendants.

9. In response to paragraph 9, Defendants admit that Plaintiff has cited to 28 U.S.C. § 1367 as the statutory basis for supplemental jurisdiction and that the TBCC is state law. Defendants deny the remaining allegations of paragraph 9, including any assertion that such state law claims are properly before this Court, that they are related to Plaintiff's TCPA claims, or that they form part of the same case or controversy. Defendants further deny that it engaged in any

conduct giving rise to jurisdiction under the statutes cited.

10. In response to paragraph 10, Defendants admits that Plaintiff has pled claims under the TBCC. Defendant deny the remaining allegations of paragraph 10, including any assertion that Defendants engaged in telemarketing calls to Plaintiff, that such claims are factually or legally related to Plaintiff's TCPA claims, or that supplemental jurisdiction is appropriate.

11. Defendants admit that they conducted business within this District. Defendants lack sufficient knowledge or information sufficient to for a belief about Defendant American-Amicable Life Insurance Company of Texas ("ALICO"); thus; they are denied.

12. Defendants deny paragraph 12, including that a substantial part of the events giving rise to this action occurred within this District or that venue is proper here as to these Defendants.

## PARTIES

13. Defendants lack sufficient knowledge or information to form a belief about the allegations of paragraph 13; thus, they are denied.

14. Defendants lack sufficient knowledge or information to form a belief about the allegations of paragraph 14; thus, they are denied.

15. Defendants lack sufficient knowledge or information to form a belief about the allegations of paragraph 15; thus, they are denied.

16. Defendants admit paragraph 16.

17. Defendants admit paragraph 17.

18. In response to paragraph 18, Defendants admit only that 47 U.S.C. § 153(39) contains a statutory definition of the term "person." Defendants deny the remaining allegations of paragraph 18, including the assertion that all Defendants meet that definition, and specifically

denies that the Defendants named herein engaged in any conduct subject to or prohibited by the TCPA. Defendants further state they lack knowledge or information sufficient to form a belief as to the applicability of that definition to Defendant ALICO, with which these Defendants have no affiliation.

## FACTUAL BACKGROUND

19. Defendants lack sufficient knowledge or information to form a belief about the allegations of paragraph 19; thus, they are denied.

20. Defendants lack sufficient knowledge or information to form a belief about the allegations of paragraph 20; thus, they are denied

21. Defendants lack sufficient knowledge or information to form a belief about the allegations of paragraph 21; thus, they are denied

22. Defendants lack sufficient knowledge or information to form a belief about the allegations of paragraph 22; thus, they are denied.

23. Defendants deny paragraph 23.

24. Defendants lacks sufficient knowledge or information to form a belief about the allegations in paragraph 24 regarding whether Plaintiff received telephone calls from unidentified third parties; thus, they are denied. Defendants specifically deny, however, that it placed or caused to be placed any such calls to Plaintiff.

25. Defendants deny paragraph 25, including the assertion that Defendants concealed their identity, employed third-party vendors, utilized an automatic telephone dialing system, used prerecorded/artificial voices, or spoofed Caller ID numbers in connection with any calls to Plaintiff.

26. Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 26; thus, they are denied. Defendants specifically deny that they placed or caused to be placed any such calls, used prerecorded messages, or had any involvement in the alleged conduct.

27. Defendants deny paragraph 27.

28. Defendants deny paragraph 28, including that Defendants have or had any affiliation with Defendant ALICO or participation in the alleged conduct.

29. Defendants deny paragraph 29 in its entirety, including the assertions that Plaintiff received any email from or on behalf of Star Pointe, that any such email contained links or references to Star Pointe, or that Defendants had any involvement with the creation, transmission, or content of the alleged email. Defendants further deny that it engaged in or was responsible for any telemarking calls or solicitations directed at Plaintiff, or that it acted as an agent for, or in concert with, Defendant ALICO.

30. Defendants deny paragraph 30, including the assertion that Plaintiff sent or that Defendant Arnold received a demand letter from Plaintiff Mark Ortega, that any such letter provided "direct notice of unlawful conduct," or that Defendants engaged in any unlawful conduct requiring cessation.

31. Defendants deny paragraph 31.

32. Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 32; thus, they are denied. Defendants specifically deny that they placed or caused to be placed any of the alleged calls, or that Defendants had any involvement in the alleged telemarketing activity.

33. Defendants deny paragraph 33, including the assertion that Plaintiff suffered any harm as a result of conduct by Defendants

**<u>COUNT I</u>**
**Violation of the Telephone Consumer Protection Action**
**(47 U.S.C. §227(c)(5))**

34. Defendants incorporate the responses stated in prior paragraphs of this Original Answer and incorporates them by reference herein.

35. Defendants admit that 47 U.S.C. § 227(c) contains provisions regulating telephone solicitations to numbers on the National Do-Not-Call Registry. Defendants deny the remaining allegations of paragraph 35 to the extent they characterize or otherwise interpret the statute.

36. Defendants deny paragraph 36, including the assertions that Defendants, acting individually or in concert with any other party, initiated or caused to be initiated any telephone solicitations to Plaintiff's number. Defendants specifically deny any affiliation with Defendant ALICO, any responsibility for calls to Plaintiff's number, and any conduct constituting a violation of the TCPA.

37. Defendants deny paragraph 37, including the assertions that Defendant Star Pointe is directly or vicariously liable for any alleged calls, that Defendant Arnold is personally liable as the controlling agent of Star Pointe, that either Star Pointe or Arnold had knowledge of or ratified any alleged unlawful conduct, or that any third-party vendors acted on behalf of these Defendants. Defendants specifically deny any affiliation with Defendant ALICO, deny that Star Pointe solicited or sold any of ALICO's products, and deny that any class to Plaintiff are attributable to these Defendants.

38. Defendants deny the allegations in paragraph 38 as to Defendant Star Pointe and Arnold. Defendants lack sufficient knowledge or information to form a belief about the allegations as to Defendant ALICO; thus, they are denied.

39. Defendants deny paragraph 39.

**<u>COUNT II</u>**
**Violation of the Telephone Consumer Protection Action**
**Failure to Honor Do-Not-Call Request**
**(47 C.F.R. § 64.1200(d)(6))**

40. Defendants incorporate the responses stated in prior paragraphs of this Original Answer and incorporates them by reference herein.

41. Defendants admits only that 47 C.F.R. § 64.1200(d)(6) sets forth certain regulatory obligations applicable to entities engaged in telemarketing. Defendants deny the remaining allegations of paragraph 41 to the extent they imply or assert that such obligations apply to Defendants.

42. Defendants admit only that 47 C.F.R. § 64.1200(d)(6) states that a person or entity making telemarketing calls must maintain a record of a consumer's request not to receive further calls and honor such request for five years. Defendants deny the remaining allegations of paragraph 42 to the extent they imply or assert that Defendant made telemarketing calls to Plaintiff.

43. In response to paragraph 42, Defendants admit only that Plaintiff sent a demand letter to Defendants Arnold and Star Pointe. Defendants deny the assertions that Plaintiff instructed any agent of Defendants to stop contacting him, and denies that the demand letter was necessary, that it confirmed any unlawful conduct, or that Defendants engaged in any telemarketing activity subject to 47 C.F.R. § 64.1299(d)(6) with respect to Plaintiff.

44. Defendants deny the allegations in paragraph 44 as to Defendant Star Pointe and Arnold. Defendants lack sufficient knowledge or information to form a belief about the allegations as to Defendant ALICO; thus, they are denied.

45. Defendants deny the allegations of paragraph 45, including the assertion that they

have any affiliation with Defendant ALICO or that they acted as an agent of ALICO.

46. Defendants deny paragraph 46.

**<u>COUNT III</u>**
**Violation of the Texas Business and Commercial Code**
**(Tex. Bus. & Com. Code § 302.101)**

47. Defendants incorporate the responses stated in prior paragraphs of this Original Answer and incorporates them by reference herein.

48. Defendants deny paragraph 48.

49. Defendants deny paragraph 49.

50. Defendants deny paragraph 50.

51. Defendants deny paragraph 51, including the assertions that Defendant Star Pointe acted as an agent of Defendant ALICO, that Defendant Arnold is personally liable for any alleged violations, or that these Defendants directed, controlled, or engaged in business practices giving rise to liability under Texas law.

52. Defendants admit only that Tex. Bus. & Com. Code §§ 302.302(a) and 303.302(d) state the remedies under certain circumstances. Defendants deny the remaining allegations of paragraph 52 to the extent that they imply or assert that Defendants violated Chapter 302, that Plaintiff is entitled to recover any damages, penalties, costs, or fees from Defendants, or that these provisions apply in this case.

**<u>COUNT IV</u>**
**Violation of the Telephone Consumer Protection Action**
**ATDS or Pre-Recorded Message**
**(47 C.F.R. § 64.1200(227)(b)(1)(A)(iii)**

53. Defendants incorporate the responses stated in prior paragraphs of this Original Answer and incorporates them by reference herein.

54. In response to paragraph 54, Defendants admit only that 47 U.S.C. § 227(b)(1)(A)(iii) contains provisions regulating calls made using an automatic telephone dialing

system or an artificial or prerecorded voice to cellular telephone numbers, subject to certain exceptions. Defendants deny the remaining allegations of paragraph 54 to the extent they characterize, paraphrase, or otherwise interpret the statute, and specifically deny that Defendants made or caused to be made any such calls to Plaintiff.

55. Defendants deny paragraph 55.

56. Defendants deny paragraph 56 to the extent they assert or imply that these Defendants are directly or vicariously liable for prerecorded calls to Plaintiff, that they procured third-party vendors to initiate such calls, or that Defendant Arnold authorized, directed, or ratified the use of any calling technology. These Defendants specifically deny any affiliation or agency relationship with Defendant ALICO. To the extent paragraph 56 asserts liability against ALICO, these Defendants lack sufficient knowledge or information sufficient to form a belief as to those allegations and therefore deny them.

57. Defendants deny paragraph 57 as to Defendant Star Pointe and Arnold. Defendants lack sufficient knowledge or information to form a belief about the allegations as to Defendant ALICO; thus, they are denied.

## COUNT V
**Violation of the Texas Business and Commerce Code**
**(Tex. Bus. & Com. Code § 305.053)**

58. Defendants incorporate the responses stated in prior paragraphs of this Original Answer and incorporates them by reference herein.

59. In response to paragraph 59, Defendants admit only that Tex. Bus. & Com. Code § 305.053(a) provides a private right of action under Texas law for certain violations of the TCPA. Defendants deny the remaining allegations of paragraph 59 to the extent they imply or assert that this provision applies to Defendants, that Defendants violated the TCPA, or that Plaintiff has any right of recovery against Defendants under Texas law.

60. Defendants deny paragraph 60 as to Defendant Star Pointe and Arnold. Defendants lack sufficient knowledge or information to form a belief about the allegations as to Defendant ALICO; thus, they are denied.

61. Defendants deny paragraph 61 as to Defendant Star Pointe and Arnold. Defendants lack sufficient knowledge or information to form a belief about the allegations as to Defendant ALICO; thus, they are denied.

62. Defendants deny paragraph 62.

63. Defendants deny paragraph 63 as to Defendant Star Pointe and Arnold. Defendants lack sufficient knowledge or information to form a belief about the allegations as to Defendant ALICO; thus, they are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. Defendants reserve the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. Defendants assert the following specific defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims against Defendants are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by Defendants.

3. Defendants had prior express consent to contact Plaintiff.

4. Defendants did not violate the TCPA directly, and Plaintiff fails to allege a claim

under any theory of vicarious liability.

5. Plaintiff lacks Article III standing to bring this action because Plaintiff did not suffer an injury-in-fact as a result of Defendants' alleged conduct.

6. Plaintiff's claims are barred under the doctrines of laches and/or unclean hands.

7. To the extent that Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

8. Plaintiff's claims are barred to the extent they arise from an isolated text message thus precluding liability under the TCPA.

9. Plaintiff's claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

10. To the extent there was any violation of the TCPA, which Defendants deny, Defendants are not liable for any such violation because Defendants established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA, and therefore such violation was not willful or knowing.

11. Defendants are informed and believe that Plaintiff's claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

12. Defendants did not willfully or knowingly contact Plaintiff without prior express consent. To the extent that there was any violation of the TCPA, which Defendants deny, Defendants shall be liable for no more than a $500.00 penalty, as Defendants deny that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

13. To the extent there was any violation of the TCPA, which Defendants deny,

Defendants shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

14. Defendants are informed and believe that Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff must sustain an injury in fact for each individual call or text for which Plaintiff claims a violation.

15. Defendants' compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit preclude liability to Plaintiff.

16. The allegations of the Complaint, and the purported cause of actions alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous, and unintelligible, and fail to meet the applicable pleading requirements.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

18. Defendants acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

19. Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject contacts occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf as owners/subscribers or the regular users of the subject phone and/or other parties, persons, and entities acting on their respective behalf.

20. Defendants state that it is exempted from registration under TBOC § 302.101.

21. Defendants state that TBOC § 302 does not apply to them because Defendants are not a Seller.

22. Defendants states that TBOC § 302 does not apply as Defendants did not make any Telephone solicitation.

23. Defendants deny that it is liable to Plaintiff because Defendants made no calls to Plaintiff.

24. Defendants are without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, Defendants reserve the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

## DEMAND FOR RELIEF

**WHEREFORE**, for all of these reasons, Defendants Star Pointe Assurance LLC and Isaac Deshon Arnold respectfully requests the Court to dismiss the Complaint with prejudice, enter judgment against Plaintiff in favor of Defendants, and for such other relief to which Defendants may be justly entitled.

Dated: September 23, 2025

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Earl L. Ingle*

**EARL L. INGLE**
State Bar No. 24097234
Federal Bar No. 3219597
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: 713-222-4075
Fax: 713-222-5868
eingle@munsch.com

**COUNSEL FOR DEFENDANTS STAR POINTE ASSURANCE LLC AND ISAAC DESHON ARNOLD**

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendants certifies that the foregoing document has been filed with the Court and served upon all parties of record via the Court's electronic case filing system and/or by email on September 23, 2025.

*/s/ Earl L. Ingle*
Earl L. Ingle