IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA<br>　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, STAR POINTE ASSURANCE LLC, and ISAAC DESHON ARNOLD<br>　　　　　　　Defendants. | Case No. SA-25-CV-816-FB (HJB) |

**PLAINTIFF'S REPLY TO DEFENDANT AMERICAN-AMICABLE'S RESPONSE TO MOTION FOR VOLUNTARY DISMISSAL**

Plaintiff Mark Anthony Ortega respectfully files this Reply to Defendant American-Amicable Life Insurance Company of Texas' ("ALICO") Response. ALICO does not object to the dismissal itself it seeks to condition the order on an unwarranted award of attorney's fees. Federal Rule of Civil Procedure 41(a)(2) exists to allow plaintiffs to correct procedural missteps without severe penalty, particularly when a case is in its infancy. Here, ALICO suffers no "plain legal prejudice", only the loss of a tactical opportunity to seek fees under a strained interpretation of Texas law.

ALICO's demand for fees ignores the plain language of the parties' prior Settlement Agreement, which explicitly consents to "immediate dismissal" for premature filings, not dismissal conditioned upon fees. Furthermore, any costs ALICO incurred were self-inflicted as Plaintiff offered to stay proceedings to allow the cure period to run, which ALICO rejected in favor of unnecessary motion practice. The Court should not allow this conduct to result in an unwarranted benefit to the Defendant. Plaintiff respectfully requests the Court grant the dismissal without the punitive conditions ALICO seeks.

**I.　　ARGUMENT**

**A.  ALICO Has Not Suffered "Plain Legal Prejudice"**

1.  Under Fifth Circuit law, a motion for voluntary dismissal should be granted unless the defendant will suffer "plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Plain legal prejudice typically occurs when the dismissal would strip the defendant of a substantive legal defense (such as a statute of limitations) or when the case has proceeded to a late stage involving significant expense. *Id*. Neither circumstance exists here.

2.  First, this litigation is in its infancy. ALICO has filed only an Answer and the instant Response. No discovery has been conducted, no depositions have been taken, and no dispositive motions on the merits have been briefed. Courts consistently hold that when a plaintiff moves to dismiss at such an early stage, the defendant has not suffered the type of prejudice that justifies attaching punitive conditions or awarding attorney's fees.

3.  Second, ALICO's argument that it is prejudiced by losing the immediate opportunity to counterclaim for fees is legally insufficient. The Fifth Circuit has clarified that the mere prospect of a second lawsuit or the loss of a tactical advantage does not constitute plain legal prejudice. See *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). ALICO essentially argues that it is prejudiced because it cannot immediately litigate a breach of contract claim within this specific federal docket. However, the loss of a convenient forum to seek fees is a tactical disadvantage, not the deprivation of a substantive legal right.

4.  Finally, the expenses ALICO has incurred essentially amount to drafting an Answer and reviewing the Complaint, work that will remain relevant should Plaintiff re-file after the cure period. Because ALICO retains all its legal defenses and has expended minimal resources, there is no justification for deviating from the standard rule that voluntary dismissals are granted without conditions.

### B.  The "Felix" Case is Distinguishable and Does Not Apply Here

5. ALICO's reliance on *Felix v. Prosperity Bank*, 2015 WL 9242048 (Tex. Ct. App. 2015), is misplaced and ignores the vast procedural difference between that case and the present Motion. In Felix, the defendant bank did not merely secure a voluntary dismissal; it litigated the case to a summary judgment, obtaining a final adjudication on the merits that the plaintiff had failed to satisfy a condition precedent. *Id*. at *1. It was that final judicial determination, awarding specific performance on the contract, that triggered the entitlement to attorney's fees under Texas law.

6. Here, there has been no adjudication on the merits. Plaintiff is seeking a voluntary dismissal under Rule 41(a)(2) specifically to cure the procedural defect ALICO identified. This is an act of self-correction, not a judicial mandate of specific performance following a legal battle. By asking the Court to attach fee conditions or issue declarations regarding "specific performance," ALICO is effectively asking the Court to pre-judge a breach of contract counterclaim that has not been fully briefed, argued, or litigated.

7. A Rule 41 dismissal order is not the appropriate vehicle to adjudicate substantive contract claims or damages. Unlike the defendant in Felix, ALICO has not won a summary judgment. Consequently, the legal basis for awarding fees in Felix does not apply to a voluntary dismissal without prejudice at the pleading stage.

### C.  The Settlement Agreement Does Not Mandate Fees for Premature Filing

8. ALICO's request for fees attempts to rewrite the parties' contract. Paragraph 4.4 of the Settlement Agreement expressly states: "The Parties consent to the immediate dismissal of any litigation filed in disregard of the above representations and warranties." It does not state "dismissal conditioned upon payment of attorney's fees and costs."

9.  ALICO relies on general language in the first sentence of Paragraph 4.4 regarding "monetary remedies" to justify its demand. However, under standard principles of contract interpretation, specific provisions control over general ones. The parties negotiated a specific remedy for litigation filed in disregard of the Agreement, immediate dismissal. Had the parties intended for a procedural misstep to trigger an automatic fee-shifting provision or a penalty, they, sophisticated parties represented by counsel, would have included that language. They did not.

10. By voluntarily dismissing this action, Plaintiff is providing the exact specific performance contemplated by the Agreement. ALICO is receiving the precise benefit of its bargain, the termination of the lawsuit to allow for the notice period. The Court should decline ALICO's invitation to insert new, punitive terms into the Agreement that would penalize Plaintiff for agreeing to the very remedy the contract prescribes.

**D. ALICO Failed to Mitigate Damages**

11. Equity dictates that a party should not recover costs it could have easily avoided. Before filing this Motion, Plaintiff attempted to resolve this procedural issue efficiently. On October 24, 2025, Plaintiff contacted ALICO's counsel and proposed staying the proceedings or extending deadlines to accommodate the full thirty-day notice period ALICO claims it is owed. (See Exhibit A). This practical solution would have resolved the notice issue with virtually no expense to either party.

12. Instead, ALICO rejected this cooperative proposal, took the position that the issue "cannot be cured," and chose to incur further costs by drafting and filing a formal Response opposing unconditional dismissal. A significant portion of the fees ALICO now seeks to recover were generated after Plaintiff's offer, expenses that were entirely self-inflicted. ALICO had the option

to pause litigation at no cost but instead chose to litigate. The Court should not reward a refusal to cooperate by shifting the costs of that strategic decision onto the Plaintiff.

**E.  The Court Should Not Issue Advisory "Declarations"**

13.     ALICO's alternative request, that the Court include a declaration stating this dismissal is the "equivalent of specific performance", is improper. It seeks a substantive legal ruling on the merits of a potential contract claim within the text of a procedural dismissal order.

14.     A voluntary dismissal without prejudice is designed to return the parties to the status quo ante, placing them legally where they stood before the lawsuit was filed. It is not an adjudication of the rights or obligations of the parties under the Settlement Agreement. By requesting this specific language, ALICO is asking the Court to effectively issue an advisory opinion to bolster a potential future claim for attorney's fees that has not yet been pleaded or litigated.

15.     Whether this voluntary dismissal constitutes "specific performance" under Texas law is a distinct legal question that must be decided if and when ALICO actually prosecutes a claim for breach of contract. It is inappropriate to pre-judge that issue now. To include such a declaration would unfairly tilt the playing field, transforming a standard procedural motion into a substantive victory for the Defendant without due process. The Court should decline to make findings of law regarding the contract and simply grant the dismissal as requested.

## CONCLUSION

By voluntarily dismissing this action, Plaintiff is providing ALICO exactly what it bargained for: the opportunity to resolve this dispute without active litigation. A dismissal without prejudice effectively cures the procedural defect and restores the parties to the status quo.

The Settlement Agreement consents to "immediate dismissal," and equity demands that ALICO not be rewarded for rejecting Plaintiff's prior offers to stay these proceedings at no cost.

Accordingly, Plaintiff respectfully requests that the Court reject Defendant's proposed conditions, grant the Motion for Voluntary Dismissal Without Prejudice as filed, and order that each party bear its own costs and fees.

Dated: December 5, 2025                                  Respectfully submitted,

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:

**Counsel for Defendant American-Amicable Life Insurance Company of Texas:**
Cary Slobin
Hyung Chul "Dave" Jung
Nelson Mullins Riley & Scarborough LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
cary.slobin@nelsonmullins.com
dave.jung@nelsonmullins.com

**Counsel for Defendants Star Pointe Assurance LLC and Isaac Deshon Arnold:**
Earl L. Ingle
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
eingle@munsch.com

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega