**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK ANTHONY ORTEGA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:25-cv-00816-FB |
| | § | |
| **AMERICAN-AMICABLE LIFE** | § | |
| **INSURANCE COMPANY OF TEXAS,** | § | |
| **STAR POINTE ASSURANCE LLC, and** | § | |
| **ISAAC DESHON ARNOLD**, | § | |
| | § | |
| Defendants. | § | |

### AMERICAN-AMICABLE'S OPPOSED MOTION FOR LEAVE TO AMEND

Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable"), by and through its undersigned counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure, files this Motion for Leave to Amend requesting permission to amend its Answer and Affirmative Defenses (ECF 11) ("Answer") to assert a counterclaim for breach of contract against the Plaintiff. A copy of American-Amicable's proposed Amended Answer and Counterclaim is attached hereto as **Exhibit 1**. In support of its request, American-Amicable asserts the following.

### FACTUAL BACKGROUND

The Plaintiff previously sued American-Amicable in this Court in September 2024 in the action styled *Mark Anthony Ortega v. American-Amicable*, Civil Action No. 5:24-cv-01038-FB ("Prior Action"). The Prior Action resolved after a confidential settlement was reached between the parties and a Settlement Agreement was executed by the Plaintiff on January 30, 2025. Paragraph 4.1 of the Settlement Agreement includes a notice and cure provision ("Notice and Cure Provision").

1

Pursuant to the Notice and Cure Provision, the Plaintiff agreed that "he will provide notice to Defendant's counsel in Section 14 below if he intends to pursue any future purported violations by and against Defendant, in which he reasonably believes are not subject to the Releases above, in order to allow a thirty (30) day period to cure and/or resolve such dispute prior to the initiation of any proceeding or litigation."  Paragraph 4.4 of the Settlement Agreement provides that "[a] court of competent jurisdiction may grant injunctive relief, in addition to monetary remedies" for the breach or enforcement of the Notice and Cure Provision."[1]

The Plaintiff filed the Complaint in this action on July 9, 2025 (the "Present Action") alleging American-Amicable was liable for a number of telephone calls made to the Plaintiff in violation of the TCPA and Texas law.  The Plaintiff alleges in Paragraph 24 of the Complaint that the calls at issue began on or around February 2025 and continued through July 9, 2025.  At no time prior to the commencement of the Present Action did the Plaintiff give American-Amicable thirty (30) days notice to allow for American-Amicable to either cure and/or resolve the dispute.

American-Amicable filed its Answer in the Present Action on August 13, 2025.  In its Answer, American-Amicable asserted as its eighteenth affirmative defense the Plaintiff's failure to comply with the Notice and Cure Provision.  Over two months later, on October 24, 2025, the Plaintiff sent a letter to counsel for American-Amicable styled as "Formal Notice and Proposed Stay or Dismissal" ("Formal Notice").  A copy is attached as **Exhibit 2**.

The Formal Notice provides: "this letter serves as my formal written notice pursuant to Paragraph 4.1 of the prior settlement agreement," and "is provided to trigger the thirty (30) day period for American-Amicable to cure or resolve the new alleged violations that form the basis of

---

[1] A redacted copy of the page of the Settlement Agreement with Paragraphs 4.1 and 4.4 is attached as an Exhibit to the Plaintiff's Motion for Voluntary Dismissal.  (ECF 24).

the current action." *Id.* The Formal Notice additionally provides: "I acknowledge your Eighteenth Affirmative Defense regarding this notice-and-cure provision. I wish to correct this procedural matter efficiently and in good faith to avoid unnecessary motion practice for all parties and the Court." *Id.* The Formal Notice proposed a stay of the Present Action or a stipulated dismissal without prejudice of American-Amicable from the Present Action during the thirty (30) day cure period. *Id.* On October 28, 2025, American-Amicable informed the Plaintiff that Plaintiff's breach of the Notice and Cure Provision could not be retroactively cured. A copy of this communication is attached as **Exhibit 3**.

On November 1, 2025, Plaintiff filed a Motion for Voluntary Dismissal of American-Amicable (ECF 24). On November 17, 2025, American-Amicable filed its Response to Plaintiff's Motion for Voluntary Dismissal (ECF 28). It its brief, American-Amicable explained that it would be inappropriate to allow a voluntary dismissal without an award of attorneys' fees and costs to American-Amicable or other relief that would protect American-Amicable's substantive right to pursue a claim for breach of contract against the Plaintiff. The Plaintiff's motion for voluntary dismissal is still pending before the Court. Per the Court's Scheduling Order entered November 5, 2025, the deadline to move to amend pleadings is March 20, 2026. American-Amicable files this motion for leave to amend its Answer so that it will be in compliance with the scheduling order deadline.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong presumption in favor of granting leave to amend[.]" *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th

Cir. 2006).  Accordingly, the Court should grant leave to amend "unless there is a substantial reason to deny leave to amend."  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 594 (5th Cir. 1981).  A "substantial reason" includes undue delay, bad faith or dilatory motive, undue prejudice, or futility.  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ARGUMENT

Pursuant to the liberal standard of Rule 15(a)(2), the Court should grant American-Amicable leave to amend its Answer to assert a counterclaim for breach of contract against the Plaintiff.  The Settlement Agreement is a binding, valid, and enforceable contract.  Under the Notice and Cure Provision of the Settlement Agreement, the Plaintiff was required to provide counsel for American-Amicable written notice of his intention to file the Present Action and give American-Amicable thirty (30) days to cure or try to resolve the dispute.  The Plaintiff did not comply with the Notice and Cure Provision and tacitly acknowledged his breach in the Formal Notice.  This breach cannot be retroactively cured by the Plaintiff because the Plaintiff *has already* filed the Present Action, and, therefore, American-Amicable has already been denied the opportunity to avoid publicly filed litigation.  Accordingly, American-Amicable is entitled to specific performance of the Settlement Agreement as well as its attorneys' fees and costs pursuant to Texas law.  *See Felix v. Prosperity Bank*, No. 01-14-00997-CV, 2015 WL 924208 at *3 (Tex. Ct. App. Dec. 17, 2015) ("[A] judgment requiring specific performance of a material contract right is an award of value that will support an award of attorney's fees under [Tex. Civ. Prac. § 38.001] in the absence of a monetary damage award.") (citing *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660 (Tex. 2009).  For these reasons, the counterclaim has a factual and legal basis and is not futile.

There is no other reason to deny American-Amicable leave to amend. There is no bad faith or dilatory motive on the part of American-Amicable in requesting leave to assert the proposed counterclaim. The Plaintiff has been aware of the potential for a breach of contract counterclaim since August 2025 by way of American-Amicable's inclusion of Plaintiff's breach as the eighteenth affirmative defense in its Answer. There also has been no undue delay on the part of American-Amicable in seeking to assert the proposed counterclaim. American-Amicable, in the interest of judicial economy, sought to wait until Plaintiff's pending motion requesting voluntary dismissal was resolved before asserting its counterclaim.[2] But even if that were not the case, delay alone is not a sufficient reason to deny leave to amend. *See Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) ("[D]elay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."). Moreover, assertion of the proposed counterclaim at this stage in the litigation would not unduly prejudice the Plaintiff. The Plaintiff has been fully aware since the filing of American-Amicable's Answer that it intended to raise the Plaintiff's breach of the Notice and Cure Provision in this litigation. Additionally, the parties have not engaged in discovery beyond the required initial disclosures, and discovery remains open until September 17, 2026.

## CERTIFICATION OF CONSULTATION WITH OTHER PARTIES

Pursuant to Rule CV-7(i), counsel for American-Amicable consulted with the Plaintiff and counsel for the Co-Defendants in writing on March 18, 2026 to seek their consent to the proposed amendment. Plaintiff has acknowledged the email, but has not yet indicated whether he can

---

[2] American-Amicable moves at this time for leave to add the counterclaim to comply with the Court's Scheduling Order.

5

consent.  Counsel for Co-Defendants, Star Pointe Assurance LLC and Isaac Deshon Arnold, has not yet responded to the request.

## CONCLUSION

For the foregoing reasons, American-Amicable respectfully requests that the Court grant leave to amend and allow American-Amicable to file its proposed Amended Answer and Counterclaim.

Respectfully submitted,

*/s/ Larry Kristinik, III*
**CARY SLOBIN**
State Bar No. 00797445
cary.slobin@nelsonmullins.com
**LARRY KRISTINIK, III**
*Admitted Pro Hac Vice*
larry.kristinik@nelsonmullins.com
**MORGAN B. THOMPSON**
*Admitted Pro Hac Vice*
Morgan.thompson@nelsonmullins.com
**HYUNG CHUL JUNG**
State Bar No. 24135292
dave.jung@nelsonmullins.com
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone: 469.484.6100
Facsimile: 469.828.7217

**ATTORNEYS FOR AMERICAN-AMICABLE
LIFE INSURANCE COMPANY OF TEXAS**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on March 20, 2026.

<u>/s/ *Larry Kristinik, III*</u>