EXHIBIT
1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK ANTHONY ORTEGA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:25-cv-00816-FB |
| | § | |
| **AMERICAN-AMICABLE LIFE** | § | |
| **INSURANCE COMPANY OF TEXAS,** | § | |
| **STAR POINTE ASSURANCE LLC, and** | § | |
| **ISAAC DESHON ARNOLD**, | § | |
| | § | |
| Defendants. | § | |

## AMERICAN-AMICABLE'S AMENDED ANSWER AND COUNTERCLAIM

Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable"), by and through its undersigned counsel, files this Amended Answer and Counterclaim to Plaintiff's Complaint and would respectfully show the Court the following:

### NATURE OF CASE

1.     American-Amicable denies the allegations in Paragraph 1.

2.     American-Amicable admits only so much of the allegations in Paragraph 2 as allege that Plaintiff previously sued American-Amicable based on allegedly receiving telephone calls. American-Amicable denies the remaining allegations in Paragraph 2.

3.     American-Amicable denies the allegations in Paragraph 3.

4.     American-Amicable denies the allegations in Paragraph 4 that allege that American-Amicable is vicariously liable for the conduct alleged in the Complaint and further denies that either Star Pointe or its vendors were acting as an agent of American-Amicable when allegedly making telephone calls that Plaintiff contends are illegal.  American-Amicable lacks

1

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore, denies the same.

## BACKGROUND ON THE TCPA

5.     Responding to Paragraph 5, American-Amicable makes reference to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and 137 Cong. Rec. 30821 (1991), which speak for themselves, and denies any allegations inconsistent therewith.

6.     The allegations in Paragraph 6 call for legal conclusions to which no response is necessary.  To the extent a response is required, American-Amicable makes reference to the TCPA and Omnibus Order, 30 FCC Rcd. 7961 (F.C.C. July 10, 2015), which speak for themselves, and denies any allegations inconsistent therewith.

7.     Responding to Paragraph 7, American-Amicable makes reference to the TCPA, which speaks for itself, and denies and allegations inconsistent therewith.

## JURISDICTION & VENUE

8.     The allegations in Paragraph 8 call for legal conclusions to which no response is necessary.

9.     The allegations in Paragraph 9 call for legal conclusions to which no response is necessary.

10.     The allegations in Paragraph 10 call for legal conclusions to which no response is necessary.

11.     The allegations in Paragraph 11 call for legal conclusions to which no response is necessary.

12.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore, denies the same.

2

**PARTIES**

13.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore, denies the same.

14.    The allegations in Paragraph 14 call for legal conclusions to which no response is necessary.

15.    Responding to Paragraph 15, American-Amicable states that it is an insurance company organized and incorporated under the laws of the State of Texas with its principal place of business in the State of Texas.  American-Amicable denies any allegations in Paragraph 15 inconsistent with the above.

16.    American-Amicable admits the allegations in Paragraph 16 on information and belief.

17.    American-Amicable admits the allegations in Paragraph 17 on information and belief.

18.    The allegations in Paragraph 18 call for a legal conclusion to which no response is necessary.

**FACTUAL BACKGROUND**

19.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore, denies the same.

20.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore, denies the same.

21.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore, denies the same.

3

22.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore, denies the same.

23.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore, denies the same.

24.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore, denies the same.

25.     American-Amicable denies the allegations in Paragraph 25 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 directed to other persons or entities, and therefore, denies the same.

26.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore, denies the same.

27.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore, denies the same.

28.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, denies the same.  Further responding to Paragraph 28, American-Amicable states that its independent contractor relationship with Star Pointe provided only limited authority to Star Pointe and does not create vicarious liability for the telephone calls alleged in the Complaint.

29.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore, denies the same.

30.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore, denies the same.

4

31. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore, denies the same.

32. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore, denies the same.

33. American-Amicable denies the allegations in Paragraph 33.

**COUNT I**
(Alleged Violation of 47 U.S.C. § 227(c)(5))

34. Responding to Paragraph 34, American-Amicable repeats and realleges each of the foregoing paragraphs of this Answer as if fully set forth herein.

35. Responding to Paragraph 35, American-Amicable makes reference to § 227(c) of the TCPA, which speaks for itself, and denies any allegations inconsistent therewith.

36. American-Amicable denies the allegations in Paragraph 36 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 directed to other persons or entities, and therefore, denies the same.

37. American-Amicable denies the allegations in Paragraph 37 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 directed to other persons or entities, and therefore, denies the same.

38. American-Amicable denies the allegations in Paragraph 38 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 directed to other persons or entities, and therefore, denies the same.

39. American-Amicable denies the allegations in Paragraph 39.

**COUNT II**
(Alleged Violation of 47 C.F.R. § 64.1200(d)(6))

40.     Responding to Paragraph 40, American-Amicable repeats and realleges each of the foregoing paragraphs of this Answer as if fully set forth herein.

41.     Responding to Paragraph 41, American-Amicable makes reference to the TCPA and its associated regulations, which speak for themselves, and denies any allegations inconsistent therewith.

42.     Responding to Paragraph 42, American-Amicable makes reference to 47 C.F.R. § 64.1200(d), which speaks for itself, and denies any allegations inconsistent therewith.

43.     American-Amicable denies the allegations in Paragraph 43 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 directed to other persons or entities, and therefore, denies the same.

44.     American-Amicable denies the allegations in Paragraph 44 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 directed to other persons or entities, and therefore, denies the same.

45.     American-Amicable denies the allegations in Paragraph 45 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 directed to other persons or entities, and therefore, denies the same.

46.     American-Amicable denies the allegations in Paragraph 46.

**COUNT III**
(Alleged Violation of Tex. Bus. & Com. Code § 302.101)

47.     Responding to Paragraph 47, American-Amicable repeats and realleges each of the foregoing paragraphs of this Answer as if fully set forth herein.

48.     The allegations in Paragraph 48 call for legal conclusions to which no response is necessary.  To the extent a response is required, American-Amicable refers to Tex. Bus. & Com. Code § 302.101(7), which speaks for itself, and denies any allegations inconsistent therewith. Further responding to Paragraph 48, American-Amicable denies that any actions on its part constitute telephone solicitation as defined in the referenced statute.

49.     American-Amicable admits only so much of the allegations in Paragraph 49 as allege that American-Amicable is not registered as a telemarketer in the state of Texas.  American-Amicable further responds that it does not engage in telephone solicitation as defined in Tex. Bus. & Com. Code § 302.101(7).  American-Amicable denies that it is required to register as a telemarketer because there is an exemption for insurers set forth in Tex. Bus. & Com. Code § 302.053.  American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore, denies the same.

50.     American-Amicable denies the allegations in Paragraph 50 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 directed to other persons or entities, and therefore, denies the same.

51.     American-Amicable denies the allegations in Paragraph 51 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 directed to other persons or entities, and therefore, denies the same.

52.     Responding to Paragraph 52, American-Amicable makes reference to subsections (a) and (d) of Tex. Bus. & Com. Code § 302.302, which speak for themselves, and denies any allegations inconsistent therewith.

## COUNT IV
(Alleged Violation of 47 U.S.C. § 227(b)(1)(A)(iii))

53.     Responding to Paragraph 53, American-Amicable repeats and realleges each of the foregoing paragraph of this Answer as if fully set forth herein.

54.     Responding to Paragraph 54, American-Amicable makes reference to 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA, which speaks for itself, and denies any allegations inconsistent therewith.

55.     American-Amicable denies the allegations in Paragraph 55 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 directed to other persons or entities, and therefore, denies the same.  American-Amicable also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 alleging that Plaintiff did not provide his prior express consent to receive the alleged telephone calls, and therefore, denies the same.

56.     American-Amicable denies the allegations in Paragraph 56 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 directed to other persons or entities, and therefore, denies the same.

57.     American-Amicable denies the allegations in Paragraph 57.

## COUNT V
(Alleged Violation of Tex. Bus. & Com. Code § 305.053)

58. Responding to Paragraph 58, American-Amicable repeats and realleges each of the foregoing paragraph of this Answer as if fully set forth herein.

59. Responding to Paragraph 59, American-Amicable makes reference to Tex. Bus. & Com. Code § 305.053(a), which speaks for itself, and denies any allegations inconsistent therewith.

60. American-Amicable denies the allegations in Paragraph 60 insofar as they are directed toward American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 directed to other persons or entities, and therefore, denies the same.

61. The allegations in Paragraph 61 call for a legal conclusion to which no response is necessary.

62. American-Amicable denies the allegations in Paragraph 62.

63. American-Amicable denies the allegations in Paragraph 63.

## PRAYER FOR RELIEF

64. In response to Plaintiff's "Prayer for Relief," American-Amicable denies that Plaintiff is entitled to any of the requested forms of relief. Each and every allegation in Plaintiff's Complaint which is not specifically and unequivocally admitted is denied.

## JURY DEMAND

65. American-Amicable hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

66. Without assuming the burden of proof where it otherwise rests with Plaintiff, American-Amicable pleads the following affirmative defenses to Plaintiff's Complaint.

9

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

67.    Plaintiff has failed to state a claim upon which relief can be granted, and, therefore, the claims against American-Amicable should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Private Right of Action)

68.    Plaintiff is not entitled to recover based on alleged violations of the TCPA and applicable regulations for which there is no private right of action.

## THIRD AFFIRMATIVE DEFENSE
### (Consent)

69.    Plaintiff's causes of action are barred, in whole or in part, by Plaintiff's requisite permission or consent to be contacted by engaging in acts which demonstrated his consent.

## FOURTH AFFIRMATIVE DEFENSE
### (No Injury)

70.    Plaintiff's claims are barred, in whole or in part, because he suffered no legally cognizable injury.  To the extent Plaintiff sustained any damages, which is denied, such damages are *de minimis* and not actionable.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

71.    Plaintiff's claims are barred by the doctrines of estoppel, waiver, and unclean hands. Among other things, Plaintiff invited and welcomed the alleged telephone calls in an effort to manufacture and pursue litigation.

### SIXTH AFFIRMATIVE DEFENSE
### (Not a Residential Line)

72.    Plaintiff's claims fail because he cannot prove that a telephone number belonging to a residential telephone subscriber was called or that the alleged calls were made to a residential line.

### SEVENTH AFFIRMATIVE DEFENSE
### (Appliable Statutes and Regulations)

73.    American-Amicable pleads the applicability of all relevant parts of the prior versions of 47 U.S.C. § 227, 47 C.F.R. § 64.1200, and the Texas Business and Commercial Code placing restrictions on telephone calls that may have been in effect during the time of the events alleged in the Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Applicable Federal Exemptions and Exceptions)

74.    American-Amicable incorporates by reference herein all provisions set forth within 47 U.S.C. § 227 and C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder.

### NINTH AFFIRMATIVE DEFENSE
### (Applicable State Exemptions and Exceptions)

75.    American-Amicable incorporates by reference herein all provisions set forth within Tex. Bus. Com. Code §§ 302.001 through 302.304 (including prior versions and applicable regulations) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder.  In particular, and without limitation, American-Amicable pleads the exemptions set forth in subsections (3) and (4) of Tex. Bus. Com. Code § 302.053.

**TENTH AFFIRMATIVE DEFENSE**
**(Exceptions to Do-Not-Call Registry Liability)**

76.    American-Amicable pleads the applicability of the exceptions to liability set forth in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

**ELEVENTH AFFIRMATIVE DEFENSE**
**(McCarran Ferguson Act)**

77.    American-Amicable pleads the application of reverse preemption of 47 U.S.C. § 227 and related regulations by applicable state insurance laws through the operation of the McCarran Ferguson Act.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Hobbs Act)**

78.    American-Amicable would show that the Hobbs Act cannot be constitutionally applied to deprive American-Amicable of any defenses it has under the TCPA or the rules or regulations promulgated thereunder.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

79.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages, and as a result, any judgment for Plaintiff must be reduced by any portion of damages which could have been avoided had appropriate steps been taken.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Calls Do Not Qualify)**

80.    The Plaintiff's claims are barred, in whole or in part, because the telephone calls allegedly made were not telephone solicitations, unsolicited advertisements, or telemarketing calls within the meaning of the TCPA or Tex. Bus. Com. Code §302.101.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**
**(Third Party Responsible)**

81.    Plaintiff's damages, if any, and none being admitted, were not caused by American-Amicable, but by another person or entity, for whom American-Amicable is not responsible and over whose activities American-Amicable exercises no control and/or has no right to control.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Lack of Vicarious Liability)**

82.    The Complaint fails to state a plausible claim for any liability under any theory of vicarious liability.  American-Amicable does not have direct liability under the TCPA or the Texas Business and Commercial Code or applicable regulations, nor can it have vicarious liability under same based on any agency theory or theory of ratification.  Plaintiff cannot meet his burden of establishing that American-Amicable has either directly liability or vicarious liability in this case when it did not control the manner and means by which the alleged telephone calls were made and did not knowingly accept any benefits or otherwise ratify any alleged improper conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Due Process)**

83.    Plaintiff's claims are barred because the imposition on American-Amicable of statutory damages and/or exemplary/punitive damages under the TCPA or the Texas Business and Commercial Code would violate the Dur Process provisions of both the United States Constitution and the Texas Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Notice and Cure Period)**

84.    Plaintiff executed on January 30, 2025 a settlement agreement with American-Amicable in which he agreed in Paragraph 4.1 to provide notice to American-Amicable of any intention to pursue future alleged violations in order to provide a thirty (30) day period to cure or

resolve any dispute prior to initiating litigation.  Plaintiff failed to provide such notice prior to commencing this action, and, accordingly, American-Amicable is entitled to specific performance in the form of dismissal of this action as well as actual damages and an award of attorneys' fees and costs.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Release)**

85.      To the extent Plaintiff's claims are based in whole or in part on any calls made prior to or on the date of the execution of the settlement agreement between Plaintiff and American Amicable, such claims are released.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Compliance with Laws)**

86.      Plaintiff's claims are barred by American-Amicable's compliance with all applicable state, federal and local laws and regulations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

87.      American-Amicable pleads any and all applicable statutes of limitations.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(FCC Exceeding Authority)**

88.      The Plaintiff's claims are barred to the extent they are based on orders or regulations that exceed the FCC's delegated authority.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(No Willful Violation)**

89.      American-Amicable has not willingly or knowingly violated any provision, subsection, or regulation under the TCPA or the Texas Business and Commercial Code, and, therefore, the Plaintiff is not entitled to treble or enhanced damages.

14

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Equitable Allocation and Set Off)

90.     Any damages sustained by the Plaintiff must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than American-Amicable, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.  American Amicable is also entitled to a set off for any recovery Plaintiff recovers from third parties related to the same alleged violations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Future Harm)

91.     Plaintiff's claim for injunctive relief is barred because there is no continuing harm or real and immediate danger of injury in the future.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

92.     Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls constitute commercial speech protected by the First Amendment of the U.S. Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

93.     Plaintiff lacks standing to assert any claims based on the alleged telephone calls because Plaintiff has not suffered the requisite harm required to confer standing under Article III of the U.S. Constitution.

## RESERVATION OF RIGHTS

94.     American-Amicable states that, following completion of discovery and investigation into this matter, additional defenses may become available.  American-Amicable reserves the right to assert additional defenses that may be discovered in the course of these proceedings.

## **AMERICAN-AMICABLE'S COUNTERCLAIM AGAINST PLAINTIFF**

95.    Pursuant to Rule 13 of the Federal Rules of Civil Procedure, American-Amicable asserts the following counterclaim against Plaintiff.

96.    American-Amicable is an insurance company organized and incorporated under the laws of the State of Texas with its principal place of business in Waco, Texas.

97.    Upon information and belief, Plaintiff is an adult individual who is a citizen of the State of Texas, residing in Bexar County, Texas.

98.    This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a).

## **FACTUAL BACKGROUND**

99.    Plaintiff previously sued American-Amicable in this Court in September 2024 in the action styled *Mark Anthony Ortega v. American-Amicable*, Civil Action No. 5:24-cv-01038-FB ("Prior Action").

100.    The Prior Action resolved after a confidential settlement was reached between the parties and a Settlement Agreement was executed by Plaintiff on January 30, 2025.

101.    Paragraph 4.1 of the Settlement Agreement includes a notice and cure provision ("Notice and Cure Provision").

102.    Pursuant to the Notice and Cure Provision, Plaintiff agreed that "he will provide notice to Defendant's counsel in Section 14 below if he intends to pursue any future purported violations by and against Defendant, in which he reasonably believes are not subject to the Releases above, in order to allow a thirty (30) day period to cure and/or resolve such dispute prior to the initiation of any proceeding or litigation."

103. Paragraph 4.4 of the Settlement Agreement provides that "[a] court of competent jurisdiction may grant injunctive relief, in addition to monetary remedies" for the breach or enforcement of the Notice and Cure Provision.

104. Plaintiff filed the Complaint in this action on July 9, 2025 ("Present Action").

105. Plaintiff commenced the Present Action alleging American-Amicable was liable for a number of telephone calls allegedly made to Plaintiff in violation of the TCPA and Texas law.

106. In the Present Action, the Plaintiff alleges in Paragraph 24 of the Complaint that the calls at issue began on or around February 2025 and continued through July 9, 2025.

107. Before filing the Present Action, Plaintiff did not provide American-Amicable thirty (30) days of notice and an opportunity to cure and/or resolve the dispute as required by the Notice and Cure Provision of the prior settlement.

108. After the commencement of the Present Action, Plaintiff contacted counsel for American-Amicable and specifically acknowledged that he did not comply with the Notice and Cure Provision prior to filing the Present Action.

## COUNTERCLAIM
### (Breach of Contract)

109. American-Amicable incorporates the preceding paragraphs as if stated verbatim herein.

110. The Settlement Agreement is a valid, binding, and enforceable contract.

111. American-Amicable has fully performed all obligations required of it under the Settlement Agreement.

112. Plaintiff breached the Settlement Agreement by failing to provide notice to American-Amicable that he intended to pursue purported violations of the TCPA against

17

American-Amicable in order to allow a thirty (30) day period to cure and/or resolve such dispute prior to the initiation of the Present Action.

113.     Plaintiff's breach cannot be cured because American-Amicable has been denied the opportunity to avoid publicly filed litigation and has incurred substantial costs and attorneys' fees in the defense of the Present Action.

114.     As a direct and proximate result of Plaintiff's breach, American-Amicable has suffered actual damages including, without limitation, damages to its reputation.

115.     American-Amicable is entitled to judgment in its favor awarding American-Amicable: (a) specific performance of the Notice and Cure Provision in the form of dismissal of the Present Action; (b) attorneys' fees and costs pursuant to Tex. Civ. Prac. Rem. Code § 38.001; (c) reputational damages resulting for the loss of American-Amicable's ability to resolve the dispute prior to the commencement of publicly filed litigation; (d) other actual, consequential, and incidental damages; and (e) such other and further relief as the court may deem appropriate.

**RELIEF REQUESTED**

116.     WHEREFORE, having fully responded to the Complaint of Plaintiff, American-Amicable Life Insurance Company (a) denies that Plaintiff is entitled to any of the relief requested by Plaintiff and (b) prays for judgment in favor of American-Amicable on its counterclaim against Plaintiff and granting American-Amicable the above-requested relief.

**JURY TRIAL DEMAND**

117.     American-Amicable requests a jury trial on its counterclaim against Plaintiff.

**[Signature Page to Follow]**

18

Respectfully submitted,

/s/ _____

**CARY SLOBIN**
State Bar No. 00797445
cary.slobin@nelsonmullins.com
**LARRY KRISTINIK, III**
*Admitted Pro Hac Vice*
larry.kristinik@nelsonmullins.com
**MORGAN B. THOMPSON**
*Admitted Pro Hac Vice*
Morgan.thompson@nelsonmullins.com
**HYUNG CHUL JUNG**
State Bar No. 24135292
dave.jung@nelsonmullins.com
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone: 469.484.6100
Facsimile: 469.828.7217

**ATTORNEYS FOR AMERICAN-AMICABLE**
**LIFE INSURANCE COMPANY OF TEXAS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel

of record in accordance with the Federal Rules of Civil Procedure on March 20, 2026.

/s/_____

19