EXHIBIT
2

Mark Anthony Ortega
PO Box 702099
San Antonio, TX 78270
mortega@utexas.edu

To: Cary Slobin
Hyung Chul "Dave" Jung
Nelson Mullins Riley & Scarborough LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
cary.slobin@nelsonmullins.com
dave.jung@nelsonmullins.com

**Sent via Email and CMRRR**

**DATE:** October 24, 2025

**RE: Formal Notice and Proposed Stay or Dismissal in *Ortega v. American-Amicable Life Insurance Company of Texas, et al.*, Case No. 5:25-cv-00816-FB**

Dear Mr. Slobin and Mr. Jung,

I am writing in reference to your firm's appearance on behalf of Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable") and the Answer filed on August 13, 2025.

First, this letter serves as my formal written notice pursuant to Paragraph 4.1 of the prior settlement agreement executed between myself and American-Amicable on January 30, 2025. This notice is provided to trigger the thirty (30) day period for American-Amicable to cure or resolve the new alleged violations that form the basis of the current action. These new violations, which are not subject to the release in the prior agreement, consist of numerous unsolicited telemarketing robocalls initiated by American-Amicable's agents for the purpose of selling its insurance products, occurring on and after February 2025.

Second, I acknowledge your Eighteenth Affirmative Defense regarding this notice-and-cure provision. I wish to correct this procedural matter efficiently and in good faith to avoid unnecessary motion practice for all parties and the Court.

To that end, I propose two potential paths forward to allow the 30-day cure period to run:

1. **Joint Motion to Stay:** We could file a joint motion to stay all proceedings and deadlines as they relate to American-Amicable for a period of thirty-five 35 days. This would

preserve the current pleadings while allowing the contractual cure period to proceed and for us to discuss a potential resolution.

2. **Stipulated Dismissal Without Prejudice (Alternative):** In the alternative, if a stay is not agreeable, I propose we file a stipulation of dismissal without prejudice as to American-Amicable only, pursuant to FRCP 41(a)(1)(A)(ii). Following the expiration of the 30-day period, I would then file a motion for leave to amend the complaint to re-join American-Amicable to the action, assuming the matter has not been resolved.

Please let me know which of these options your client would prefer. I believe either approach demonstrates a commitment to abiding by our prior agreement and is a more productive use of resources than litigating a dispositive motion on this procedural issue.

Sincerely,

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega